ORIGINAL

Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 JUN 19 AM 11: 34

CLERK OF COURT

## IN THE SUPERIOR COURT
## OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0394-06 |
| Plaintiff, | |
| v. | **DECISION AND ORDER** |
| | re: Motion to Suppress |
| DAVID JOHN JR. REYES, | |
| Defendant. | |

This matter came before the Honorable Judge Michael J. Bordallo on June 4, 2009. The People were represented by Assistant Attorney General William B. Pole. Defendant was represented by Attorney Stephen P. Hattori. Having reviewed the memorandum and papers presented, the court now issues the following decision granting Defendant's motion to suppress.

### BACKGROUND

On July 27, 2004, Defendant was indicted for Possession of a Schedule II Controlled Substance, a 3rd Degree Felony. The indictment arises out of evidence obtained from the roadside search of a vehicle Defendant was driving when he was stopped for traveling 40 mph in a 35 mph zone on Harmon Loop Road. At the hearing Officer Piolo testified that he formed the intent to pull Defendant over for a speeding violation when he, traveling the opposite way saw the Defendant signal, then pass a car, then signal again and pass another car. At that point intent on stopping the Defendant's vehicle Officer Piolo testified he performed a U-Turn, paced the Defendant's vehicle and initiated a traffic stop.[1]

### DISCUSSION

---

[1] The court notes that the People did not present any evidence that in pacing the Defendant's vehicle Officer Piolo's speedometer was calibrated correctly or that its calibration had recently been tested.

 ORIGINAL

Defendant requests that the evidence obtained during the search of his vehicle be suppressed. *Mem.* at 1. He supports this request by asserting that he did not give consent to search the vehicle and that by searching his vehicle the officers exceed the scope of the traffic stop. *Id.* at 2-3. Defendant's assertions are not verified or otherwise supported by affidavit. The People in opposition argue that the search of the vehicle was justified by reasonable suspicion.

In Guam criminal motions are regulated by Section 1.27 of Title 8 of the Rules of Criminal Procedure. 8 Guam Code Ann. § 1.27 (2008). It provides,

> An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit.

*Id.*

In the federal circuits, motions to suppress are reviewed under the following standard: "[A] defendant seeking an evidentiary hearing on a motion to suppress must provide sufficient information 'to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.'" *U.S. v. Juarez*, 454 F.3d 717, 720 (7th Cir. 2006)(internal citations omitted). Once a defendant has met its burden of sufficiency, the Government then bears the burden of showing by a preponderance of the evidence the legality of its actions. *U.S. v. Alexander*, 589 F.Supp.2d 777, 790 (E.D. Tex. 2008); see, *Colorado v. Connelly*, 479 U.S. 157, 158 (1986)(as applied to a *miranda* waiver); see, *U.S. v. Vanvliet*, 542 F.3d 259, 266 (1st Cir. 2008) (as applied to a consent search).

In 2006 the Guam Supreme Court held that, "[p]olice officers may conduct an investigatory stop as "[t]he Fourth Amendment permits brief detentions when a police officer has a reasonable suspicion that an individual was engaged in or is about to be

engaged in illegal conduct." *People of Guam v. Cundiff*, 2006 Guam 12, ¶40 (Sup. Ct. Guam 2006). A finding of reasonable suspicion must include specific and articulable facts that, together with rational inferences, reasonably suggest that criminal activity has occurred or is about to occur. *Terry v. Ohio*, 392 U.S. 1, 22-24, (1968) and *United States v. Cortez*, 449 U.S. 411, 417, (1981)(courts are to look to the totality of the circumstances when analyzing whether the detention was justified by reasonable suspicion).

In addition to the protections provided the citizens of Guam through the Organic Act, Section 30.10 of Title 8 of the Guam Code provides, "[w]henever a peace officer encounters any person under circumstances which reasonably indicate that such person has committed, is committing or is about to commit a criminal offense, the peace officer may detain such person." 8 Guam Code Ann. §31.10. Section 30.20 explaining the purpose of 30.10 provides,

> Detention pursuant to §30.10 shall be for the purpose of ascertaining the identity of the person detained and the circumstances surrounding his presence abroad which lead the officer to believe that he had committed, was committing, or was about to commit a criminal offense, but such person shall not be compelled to answer any inquiry of the peace officer.

*Id.* at § 30.20. Section 30.30 of the same Title further limits investigatory detentions as follows, "[n]o person shall be detained under the provisions of §30.10 longer than is necessary to effect the purposes of that section and in no event longer than fifteen (15) minutes." *Id.* at § 30.30.

In 2001 the Guam Supreme Court analyzed an issue similar to the one presented in the instant case. *People v. Chargualaf*, 2001 Guam 1, ¶12–27 (Sup. Ct. Guam 2001). In *Chargualaf* the defendant was stopped when officers noticed the vehicle that he was driving had a cracked windshield and was missing a license plate. *Id.* at ¶3. The officer approached the vehicle and asked the defendant if had any drugs or weapons in the vehicle and after

observing his nervousness asked whether he could search the vehicle. *Id.* Defendant Chargualaf consented. *Id.* The Guam Supreme Court analyzing the legality of the stop, the search and the voluntariness of the consent first held that the decision to stop an automobile is reasonable where the police have probable cause or reasonable suspicion to believe that a traffic violation has occurred. *Id.*

In this case Officer Piolo testified that he paced or followed the Defendant, long enough to determine that the Defendant was traveling 40 mph in a 35 mph zone. Defendant testified that he was not speeding. Based upon the testimony presented to it the court is unable to find by a preponderance of the evidence that the Defendant was speeding. Furthermore, the court finds that traveling 40 mph in a 35 mph zone, the court finds such evidence to be de minimus an not sufficient to support a speeding violation. 9 Guam Code Ann. § 7.67 (2008).[2]

Having made this finding, the court, cannot as in *Chargualaf,* find that there was

---

[2] Section 7.67 provides,

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
> (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
> (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 Guam Code Ann. § 7.67 (2008).

specific and articulable facts which justified the Defendant's initial detention.[3] *United States v. Cortez*, 449 U.S. 411, 417, (1981).

Moreover and further in the alternative, as it was held by the Guam Supreme Court in *Chargualaf*, once the officer began to question the Defendant about matters unrelated to the traffic stop a new detention began. *Chargualaf* at ¶19–20. Although further investigative questioning regarding criminal activity outside of the scope of the traffic does not, in itself, implicate the Fourth Amendment, a further restriction on a person's liberty must be justified by reasonable suspicion for that line of questioning. *Id.* Officer Piolo testified that after observing the defendant's nervousness he asked the Defendant whether he had any drugs or weapons in the vehicle. The officer also testified that he subsequently asked and received permission to search the vehicle. The Defendant testified that he did not give the officer his consent to search the vehicle. The officer's questioning the Defendant about drugs and weapons was outside the scope of the traffic detention. *Id.* In this case the court is not persuaded that the Defendant's nervousness was a sufficient or articulable reason for the further detention of the Defendant.

The 10th Circuit has repeatedly held that, "nervousness is of limited significance in determining reasonable suspicion and that the government's repetitive reliance on . . . nervousness . . . as a basis for reasonable suspicion . . . must be treated with caution." *Poolaw v. Marcantel*, 565 F.3d 721, 737 (10th Cir. 2009). In 2005 the 10th Circuit explained, "[N]ervousness is a sufficiently common-indeed natural-reaction to confrontation

---

[3] It is important to note that notwithstanding this initial finding that the cause of the stop of the Defendant was justified, the People presented no evidence that the length of the investigatory detention was within the Defendant's statutory rights. 8 Guam Code Ann. §30.30 (2008). Absent such a showing the court is unable to find that the length of the stop was justified.

with the police that unless it is unusually severe or persistent, or accompanied by other, more probative, grounds for reasonable suspicion, it is of limited significance in determining whether reasonable suspicion exists." *United States v. Santos*, 403 F.3d 1120, 1127 (10th Cir.2005). Officer Piolo testified that he inquired about drugs and weapons for his safety and for the safety of the Defendant. However he did not testify that this safety concern was justified by any specific facts or fact based policy. The officer further testified that he routinely asks all persons who commit traffic violations if they will consent to a vehicle search. The court finds this testimony not credible and in the alternative, absent a showing of probable cause, in violation of a person's statutory and organic rights. 8 Guam Code Ann. §§ 30.20 and 30.30. Moreover unlike the court in *Chargualaf* this court was not presented with any evidence that Defendant was aware that he was free to leave and not under further Government restraint. *Alexander*, 589 F.Supp.2d 777, 790 and *Chargualaf* at ¶19–20. Absent some further articulable fact the court is unable to find by a preponderance of the evidence that the Defendant's further detention, which began when Officer Piolo inquired whether Defendant Reyes had any drugs or weapons in his vehicle, was justified by reasonable suspicion. *United States v. Cortez*, 449 U.S. 411, 417, (1981).

## CONCLUSION

For the reasons above Defendant's motion to suppress is granted. Absent some showing of a means for the independent discovery of the evidence in question the people are precluded from introducing any evidence arising out of the search of the vehicle defendant was driving at the time of the traffic stop.

SO ORDERED this 19 day of June 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

JUN 19 2009

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam